UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LUIS ALFONSO GARCIA-ESPINOZA,

Defendant.

Cr. No. 08-198-S-EJL

MEMORANDUM ORDER

On September 16, 2008, Luis Alfonso Garcia-Espinoza (the "Defendant") entered a plea of guilty to a single-count Indictment charging a violation of 8 U.S.C. §§ 1326(a) and (b), Illegal Re-Entry. Specifically, the Indictment alleges that

> On or about August 2, 2008, in the District of Idaho, the defendant, Luis Alfonso Garcia-Espinoza, an alien, was found in the United States, to wit: Jerome County, Idaho, after having been previously removed from the United States to Mexico on or about November 23, 2007, at or near Nogales, Arizona, on or about May 15, 2006, at or near San Ysidro, California; on or about March 16, 2000, at or near El Paso, Texas, on or about September 17, 1998, at or near El Paso, Texas, and on or about November 16, 1996, at or near Laredo, Texas, the said defendant having not obtained the consent of the Secretary of the Department of Homeland Security for reapplication for admission into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b).

The plea was entered without a plea agreement. The Court ordered a Pre-sentence Investigation Report ("PSR") and a sentencing hearing was set for December 18, 2008.

A final PSR issued on November 10, 2008. The PSR recommended a 12 level increase to the Defendant's base offense level pursuant to § 2L1.2(b)(1)(B) of the Sentencing Guidelines because, according to the probation officer, the Defendant had been convicted of a felony drug trafficking offense on September 24, 1996, prior to his removals. With the addition of the 12 level increase, the PSR calculated a total offense level of 17, which, when combined with the Defendant's criminal history of III, resulted in a sentencing guideline range of 30 to 37 months. The Defendant filed a sentencing memorandum that objected to the 12 level increase on numerous grounds.

At the sentencing hearing the Court heard argument on Defendant's objections. After the parties' presentations and upon consideration of the record, the Court found that the enhancement provided by § 2L1.2(b)(1)(B), in conjunction with 8 U.S.C § 1326(b)(2), should not be applied to determine the Defendant's sentence. The Court, however, continued the sentencing hearing after advising counsel that the Court was considering an upward departure based on the Defendant's numerous removals.

The United States of America (the "Government) then filed a Motion to Reconsider Ruling on Defendant's Sentencing Guidelines Calculations Regarding Title 8, Section 1326(b) Enhancement. The Defendant filed a response in opposition to the motion, and the Government, in turn, filed a reply. The motion is now ripe. The Court rules as follows.

**Sentencing Framework**

"Aliens who return to the United States after deportation and without permission are subject to two years incarceration [pursuant to 8 U.S.C. § 1326(a)]." United States v. Pacheco-Zepeda, 234 F.3d 411, 413 (9th Cir. 2000). "An additional prison term of up to twenty years may be imposed [under 8 U.S.C. § 1326(b)(2)] for aliens 'whose prior removal was subsequent to a conviction for commission of an aggravated felony.'" Id. "[T]o trigger the increase in the statutory maximum sentence under § 1326(b)(2), an alien must first be convicted of an aggravated felony, then be removed, and then attempt to reenter, in that order." United States v. Covian-Sandoval, 462 F.3d 1090, 1097 (9th Cir. 2006).

In terms of the Sentencing Guidelines, the "base offense level for a violation of § 1326 is 8." United States v. Beltran-Munguia, 489 F.3d 1042, 1043 (9th Cir. 2007). Section 2L1.2(b)(1)(B) of the Sentencing Guidelines provides for an increase of 12 levels for a defendant previously deported after being convicted of a felony drug trafficking offense. This 12 level increase will result, as it did in the Defendant's case, in a sentencing range that exceeds the statutory maximum of 2 years permitted by § 1326(a). However, because the qualifying felony conviction that results in an increase under § 2L1.2(b)(1)(B) of the Sentencing Guidelines also fits within the definition of an

"aggravated felony" under § 1326(b)(2), the Defendant is subject to a statutory maximum of 20 years as long as the § 1326(b)(2) penalty enhancement has been correctly charged and proven.

**Discussion**

Defendant objects to the PSR's recommendation of a 12 level increase pursuant to § 2L1.2(b)(1)(B) and the application the 20 year maximum statutory sentence, as authorized by § 1326(b)(2). Specifically, Defendant argues that (1) the sequence of Defendant's prior felony drug trafficking conviction and subsequent removal was not adequately charged in the Indictment;[1] and (2) the Defendant did not admit, and it was not proven beyond a reasonable doubt, that Defendant was removed subsequent to the prior felony drug trafficking conviction. The Court will consider these issues below.

1. Case Law

The charging and proof requirements for a § 1326(b)(2) enhancement have been extensively litigated. In Almendarez-Torres v. United States, 523 U.S. 224, 226 (1998), the "Supreme Court held that the aggravated felony provision, 8 U.S.C. § 1326(b)(2), was *not* a separate offense but, instead, provided only a sentencing enhancement for a violation of 8 U.S.C. § 1326(a)." United States v. Alviso, 152 F.3d 1195, 1199 (9th Cir. 1998) (emphasis in original). Because the "Supreme Court expressly and unequivocally held that § 1326(b)(2) 'simply authorizes a court to increase the sentence for a recidivist'" the Supreme Court "rejected the argument that, because the fact of recidivism increased the maximum penalty to which a defendant was exposed . . . [it] must be charged in the indictment and proved beyond a reasonable doubt." Pacheco-Zepeda, 234 F.3d at 413.

[1] In the Response to the Government's Motion for Reconsideration, the Defendant also contends that it was error for the Government to allege multiple removal dates in the Indictment. As the Government correctly notes, this particular argument is untimely as it was not previously raised in the objection to the PSR. Further, this type of challenge is untimely for a second reason: it is an attack on the sufficiency of the indictment and not a sentencing issue; once the Defendant entered his plea of guilty to Count One, he essentially waived this challenge.

Pursuant to Almendarez-Torres, then, "a judge may enhance a sentence under § 1326(b) for a prior conviction even if the fact of conviction was not charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt." Covian-Sandoval, 462 F.3d at 1096. Subsequently, however, the Ninth Circuit declared that "[t]he fact of a prior conviction is the *only* fact that both increases a penalty beyond the statutory maximum and can be found by a sentencing court." Id. at 1097 (emphasis in original). Consequently, the Ninth Circuit confirmed that Almendarez-Torres is the only exception to the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000): that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."[2] Id. at 1096.

To be subject to the § 1326(b)(2) penalty enhancement, an alien must not only have been convicted of an "aggravated felony," but also "then be removed, and then attempt to reenter, in that order." Id. at 1097. Only the prior conviction fits within the Almendarez-Torres exception, "the existence of a subsequent removal,"on the other hand, is subject to the Apprendi rule and the fact of the subsequent removal must be either proven beyond a reasonable doubt at trial or admitted by the defendant. Id. at 1098; see also United States v. Zepeda-Martinez, 470 F.3d 909, 913 (9th Cir. 2006) (explaining that "the only exception to Apprendi's rule involves the fact of a prior conviction and therefore the enhancement of a defendant's sentence, based on [a judge's] factual finding of a subsequent removal constitutes error").

2. Indictment

What must be charged in the indictment in this regard, has recently been addressed by the Ninth Circuit. Reasoning that "any fact other than a prior conviction that increases a maximum penalty for a federal crime must also be charged in the indictment," and that "the temporal relationship between [an alien's] removal and his previous conviction was a fact that increased the

[2] "The premise for this exception is that prior convictions are the product of proceedings that afford crucial procedural protections-particularly the right to a jury trial and proof beyond a reasonable doubt." Covian-Sandoval, 462 F.3d at 1097.

maximum sentence," the Ninth Circuit held that "the date of the removal, or at least the fact that [the alien] had been removed *after* his conviction, should have been alleged in the indictment." United States v. Salazar-Lopez, 506 F.3d 748, 752 (9th Cir. 2007) (emphasis in original). And again in January of 2008, the Ninth Circuit stated that "in order for a defendant to be eligible for an enhanced statutory maximum under § 1326(b), the indictment must allege, in addition to the facts of prior removal and subsequent reentry, either the date of the prior removal or that it occurred *after* a qualifying prior conviction." United States v. Calderon-Segura, 512 F.3d 1104, 1111 (9th Cir. 2008) (emphasis in original).

Here, the Government alleged in the Indictment a § 1326(b) penalty enhancement, the fact of prior removals and subsequent reentry, and listed the dates of the Defendant's prior removals, thereby apparently satisfying the above quoted Ninth Circuit case law. Defendant, however, relies on an even more recent Ninth Circuit case to argue that the Indictment must contain an express allegation regarding the temporal relationship between the Defendant's alleged removals and the alleged prior felony conviction. Specifically, the Defendant points to language in Garcia-Aguilar v. U.S. Dist. Court for the S. Dist. of Cal., 535 F.3d 1021, 1024 (9th Cir. 2008), wherein the Court stated: "It should have been obvious to the U.S. Attorney that the *sequence* of a defendant's previous conviction and removal is a fact separate from the prior conviction itself, and must therefore be charged in the indictment . . . ." Defendant argues that this language represents "a progression within the [Ninth Circuit] towards requiring greater specificity when alleging an offense in the Indictment." (Def.'s Resp. at 3). And contends that it is no longer adequate to list the dates of the prior removals, but that the Government must "allege the temporal relationship between any of the dates and any of [Defendant's] previous convictions." (Id.).

Having reviewed the Garcia-Aguilar case, the Court disagrees with the Defendant's reading of its significance. While the Garcia-Aguilar case states that the Government must allege in any indictment seeking a § 1326(b)(2) enhancement "the sequence" of defendant's previous conviction and removal, that is not necessarily inconsistent with previous Ninth Circuit cases that require the

Government to allege in the indictment **either** "the date of the prior removal or that it occurred after a qualifying prior conviction." See, e.g., Calderon-Segura, 512 F.3d at 1111. Because, after all, the "sequence" can be noticed in the indictment by either alleging the date of the prior removal, which will demonstrate a date after the qualifying conviction or, instead, by simply alleging a removal occurred after a prior conviction. To the extent that the Garcia-Aguilar case suggests that more is required in a § 1326(b) indictment, that language is dicta, unnecessary to the actual holding in Garcia-Aguilar, and contrary to controlling Ninth Circuit case law. The Court, therefore, declines to apply Garcia-Aguilar as the Defendant requests, and finds that the Indictment in this case adequately alleges the facts necessary in order for the Defendant to be eligible for a § 1326(b)(2) penalty enhancement.

2. Proof

   a. Removal Subsequent to Felony Conviction

Even though the Government charged the § 1326(b)(2) sentencing enhancement correctly, and even though the Almendarez-Torres exception does not require proof beyond a reasonable doubt as to Defendant's prior felony drug trafficking conviction, under Apprendi the Defendant is subject to the § 1326(b)(2) enhancement only if the Defendant admitted, or a jury found, that the Defendant's removals were subsequent to his felony conviction. See, e.g., Covian-Sandoval, 462 F.3d at 1097-98.

At the change of plea hearing, and at the Court's request, the Government recited the elements of the § 1326(a) violation as follows:

> The elements of the crime of being a deported alien found in the United States as charged in Count One are as follows: First, the defendant is not a citizen of the United States. Second, the Defendant was lawfully deported from the United States. And third, the Defendant reentered the United States without the consent of the Secretary of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement."

(Tr. at 4-5). The Government then went on to recite the factual basis supporting the elements of the § 1326(a) charge and the § 1326(b) enhancement, including the dates for all five of the Defendant's

previous removals, and the date of the Defendant's prior conviction for the felony drug trafficking offense. (Tr. at 5-6). Consistent with the Indictment, these facts show that the date of the Defendant's removals all were subsequent to the Defendant's prior drug trafficking conviction.

When asked by the Court if the Defendant agreed with the statements that the Government "made concerning the charge against him, the elements that [had] to be proven beyond a reasonable doubt, and what the Government's evidence would be to establish [his] guilt," the Defendant's counsel replied that "[w]e agree that the elements in this case can, in fact, be proven and, in fact, he is guilty of the elements [but] [w]e do not agree with the entire factual basis as presented by the Government." (Tr. at 11). The Defendant argues that his refusal at the plea colloquy to agree with the "entire factual basis" means that he agreed only to the elements of the § 1326(a) violation and did not admit that he was removed subsequent to a prior felony conviction so as to qualify for the § 1326(b)(2) enhancement.

The Government disputes the Defendant's reasoning on several grounds. First, the Government contends that a "defendant should not be allowed to avoid a sentencing enhancement based on facts which were properly charged and to which he never objected during his plea colloquy . . . ." (Mot. to Recon. at 7). It would be inappropriate, however, to shift the burden to the Defendant to object to facts presented by the Government to avoid an implied admission. It is instead the Government who "has the burden at the plea colloquy to seek an explicit admission of any unlawful conduct which it seeks to attribute to the defendant." United States v. Thomas, 355 F.3d 1191, 1199 (9th Cir. 2004).

The Government next argues that because Count One of the Indictment charges a violation of § 1326(b), as well as a violation of § 1326(a), the Defendant necessarily admitted to the elements of a § 1326(b) violation when he entered his plea of guilty. Specifically, the Government contends that "the date of a defendant's prior removal is an element of a § 1326(b) violation," and that by pleading guilty the Defendant agreed and admitted to the dates of his prior removals. (Reply at 8).

The problem with the Government's contention, of course, is that the Ninth Circuit has repeatedly held that "§ 1326(b)(2) does *not* state a separate offense but, instead, provides only a sentencing enhancement for a violation of 8 U.S.C. § 1326(a)." See, e.g., United States v. Alviso, 152 F.3d 1195, 1199 (9th Cri. 1998) (emphasis in original); see also Pacheco-Zepeda, 234 F.3d at 413 (stating that "§ 1326(b)(2) simply authorizes a court to increase the sentence for a recidivist and does not define a separate crime"). What seems to be driving the Government's flawed analysis on this issue is the recent case law that, as noted above, requires a § 1326(b) enhancement to be noticed in the indictment and for the Government to allege either the date of the prior removal or that it occurred after a qualifying prior conviction. (See, e.g., Reply at 8 (the Government stating that the "law establishing the fact that the date of a defendant's prior removal is an element of a § 1326(b) violation had been in effect for more than a year at the time the defendant entered his plea of guilty" and citing Calderon Segura, 512 F.3d at1111). In this respect, the Government conflates the elements of a charged crime with the material facts necessary to satisfy the notice requirement for a penalty enhancement. See Thomas, 355 F.3d at 1195 (stating that "a penalty enhancement provision, which is not an element of the crime charged, . . . can be included in an indictment and submitted to jury for a decision as to the existence of the facts that make the enhancement applicable at sentencing"). In this case, the charge in the Indictment, and the elements that constitute a criminal violation, are found in § 1326(a). The reference in the Indictment to § 1326(b), the statute authorizing the penalty enhancement, and the allegations of the material facts applicable to the penalty enhancement are made necessary by Apprendi and not because § 1326(b) constitutes a separate crime.[3] Id.; see also Salazar-Lopez, 506 F.3d 748, 752; Calderon Segura, 512 F.3d at 111.

---

[3] In its Reply, the Government argues that "[t]o allow the defendant to now assert that his plea was only to a § 1326(a) violation, rather than the § 1326(b) violation which was properly charged, could be construed as allowing a defendant improperly and unilaterally to amend the indictment . . . ." (Reply at 9-10 n. 7). This same argument was considered and rejected in Thomas, 355 F.3d at 1196 ("Next, the government argues that a defendant cannot enter an open plea to a charge that differs from the one returned by the grand jury, because this 'would allow every criminal defendant to reshape the charges against him by pleading to only certain elements or facts while ignoring others.' This concern would be valid if Judge Hug's

Moreover, the Ninth Circuit has expressly held that by entering a guilty plea to the formal elements of a criminal charge, the defendant does not admit to the material facts associated with a related penalty enhancement. Thomas, 355 F.3d at 1195 (stating that "while we may label a fact as the 'functional equivalent of an element' for purposes of Apprendi, that does not transform the fact into an offense 'element' . . . . Thus, even where due process requires that a [a penalty enhancement] be pleaded in the indictment and proved to a jury beyond a reasonable doubt, a defendant can plead guilty to the elements of the offense without admitting the [penalty enhancement] allegation").

Finally, the Government argues that even if the Defendant only admitted to the elements of the § 1326(a) violation, as charged in Count One, he necessarily admitted to being removed subsequent to the qualifying felony conviction as required by § 1326(b)(2) because the Indictment charges dates of removal that are all subsequent to the date of his alleged prior felony drug trafficking conviction. Defendant disputes this notion and insists that "when [Defendant] admitted to the elements he made no admission regarding *when* his removal occurred." (Response at 6 (emphasis in original)). The case law, however, is on the Government's side. What's critical to the resolution of this issue is to recognize that there is no requirement pursuant to § 1326(b) or Apprendi that the **date** of the Defendant's removal be admitted or determined by a jury, but only that the Defendant admit, or a jury find, that the removal was **subsequent** to the alleged prior felony conviction. See, e.g., United States v. Martinez-Rodriguez, 472 F.3d 1087, 1094 (9th Cir. 2007).

"[T]he fact of an alien's prior removal or departure is plainly one the elements of the crime for which [Defendant was charged in § 1326(a)]." Covian-Sandoval, 462 F.3d at 1098. And because Defendant admitted to that element as charged in Count One of the Indictment, and because all the alleged removals inherent to that element occurred after the date of the Defendant's alleged prior felony drug trafficking conviction, the Defendant necessarily admitted to removals subsequent to the felony conviction. For example, in the Martinez-Rodriguez case, the Ninth Circuit held that it

---

concurrence in Buckland had carried the day and the penalty provisions [] were elements of separate aggravated offenses.").

was not necessary to a § 1326(b)(2) enhancement "that the *date* of [Defendant's] removal [be] proven to a jury or admitted by him." 472 F.3d at 1094 (emphasis in original). All that was necessary was that the dates of all the defendant's prior removals be "*subsequent* to a conviction for commission of an aggravated felony." Id. (emphasis in original); see also United States v. Beltran-Munguia, 489 F.3d 1042, 1052-53 (9th Cir. 2007) (no error in finding defendant was removed "subsequent to" his prior conviction even though defendant's admission regarding his removal was not tied to a date certain, but instead "on or about" a date that was subsequent to the prior conviction). Here, Defendant admitted to the element of prior removal under § 1326(a) as charged in Count One and all removals were subsequent to the Defendant's alleged felony drug trafficking conviction. That is sufficient under the case law to deem the Defendant removed "subsequent to" his alleged prior conviction.

b. Prior Felony Drug Trafficking Conviction

Because a prior felony conviction is a fact subject to the Almendarez-Torres exception, a sentencing judge "may enhance a sentence under § 1326(b) for a prior conviction" if sufficient evidence exists to establish the fact. Covian-Sandoval, 462 F.3d at 1096. The Government asserts that the "fact of the prior conviction did not need to be proved by the government." (Mot. to Recon. at 8). This is incorrect. "It [is] the government's burden to prove sentencing enhancements," including a prior conviction. United States v. Pimentel-Flores, 339 F.3d 959, 968 (9th Cir. 2003); see also United States v. Romero-Rendon, 220 F.3d 1159, 1163 n.4 (9th Cir. 2000) ("The government bears the burden of proving the facts underlying the enhancement.").

The Government could meet this burden by submitting "documentation or judicially noticeable facts . . . . including the statutes of conviction themselves, copies of the judgments of conviction, or other documentary evidence." United States v. Chavaria-Angel, 323 F.3d 1172, 1175 (9th Cir. 2003). Here the Government introduced no evidence, but instead relied upon the PSR to prove the Defendant's prior conviction. In many instances concerning an enhanced penalty under § 1326(b) and Sentencing Guideline § 2L1.2(b), the PSR will not provide sufficient evidence of the

prior conviction, even if unchallenged by the defendant. See, e.g., Pimentel-Flores, 339 F.3d at 968 ("We can understand the frustration of district judges who sentence a defendant on a record to which no objection was made only to have to later revisit the matter because the government failed to do its job. Relying solely on the factual description in the PSR, however, was plain error."); Chavaria-Angel, 323 F.3d at 1176 ("To be sure, in this circuit, district courts may not rely exclusively on the charging documents or the presentence report as evidence of a prior conviction.").

However, in a case such as this, where the penalty enhancement is based on a prior felony drug trafficking conviction, and where the PSR identifies the date of conviction and the statute of conviction, and the "defendant does not controvert it," the PSR is sufficient evidence to establish the prior conviction. United States v. Corona-Sanchez, 291 F.3d 1201, 1212 (9th Cir. 2002); see also United States v. Larson, No. 04-30482, 156 Fed. Appx. 943 (9th Cir. 2005) ("District courts may not rely exclusively on the presentence report as evidence of a prior conviction. Nevertheless, such reliance is not always erroneous. . . . when the presentence report identifies the statute of conviction and the defendant does not controvert it, the presentence report is sufficient evidence to establish the prior conviction.").

Here, the PSR sets forth the statute underlying the Defendant's prior conviction to demonstrate that it was a felony drug trafficking offense. The PSR also reported the date of that conviction to establish it occurred prior to all of the Defendant's subsequent removals. The Defendant has not controverted this information.[4] Accordingly, it is appropriate for the Court to find that the Defendant has a prior felony drug trafficking conviction. And, as explained above, the Defendant admitted to removals that were subsequent to this conviction. This, in turn, satisfies the

---

[4] Defendant argues that he did indeed object to the PSR's enhancement under § 2L1.2(b)(1)(B) of the Sentencing Guidelines. While that may be true, it is also true that the Defendant never questioned the factual accuracy of the information set forth in the PSR regarding the Defendant's felony drug trafficking conviction and did not submit contrary evidence regarding the same. That conviction, therefore, is uncontroverted. Romero-Rendon, 220 F.3d at 1163 n.4.

requirements for application of the § 1326(b)(2) sentencing enhancement and the 12 level increase under § 2L1.2(b)(1)(B) of the Sentencing Guidelines.

ORDER

Based on the foregoing, and the Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Government's Motion to Reconsider Ruling on Defendant's Sentencing Guidelines Calculations Regarding Title 8, Section 1326(b) Enhancement (docket no. 18) is **GRANTED,** that Defendant's Objections to the Presentence Report (Sentencing Memorandum at 2-3) are **DENIED,** and that the Court will apply the § 1326(b) enhancement and § 2L1.2(b)(1)(B) of the Sentencing Guidelines at sentencing.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: **March 6, 2009**

Honorable Edward J. Lodge
U. S. District Judge